Natalie Hernandez Catahan CA Bar No. 289350
natalie.hernandez@ogletree.com
Vanoohi Torossian CA Bar No. 328536
vanoohi.torossian@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Russell S. Buhite *pro hac vice*
russell.buhite@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: 206-693-7057
Facsimile: 206-693-7058

[*Additional counsel on Following Page*]

Attorneys for Defendants
Eduardo Enrique Solis dba
S and S Construction Co., and
Solis and Sons Corp.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ENRIQUE SOLIS dba S AND S CONSTRUCTION CO., and SOLIS AND SONS CORP., and AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Defendants. | Case No. 2:25-cv-02361-GW-BFM<br><br>**DEFENDANTS EDUARDO ENRIQUE SOLIS DBA S AND S CONSTRUCTION CO., AND SOLIS AND SONS CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: March 18, 2025<br>Trial Date: None Set<br>District Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Brianna Fuller Mircheff |

1  Matthew B. Wesley *pro hac vice*
   matthew.wesley@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  155 N. Wacker Drive, Suite 4300
   Chicago, IL  60606
4  Telephone:  312-558-1220
   Facsimile:  312-807-3619
5
   Attorneys for Defendants
6  Eduardo Enrique Solis dba
   S and S Construction Co., and
7  Solis and Sons Corp.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants EDUARDO ENRIQUE SOLIS dba S AND S CONSTRUCTION CO., and SOLIS AND SONS CORP. ("Defendants") hereby respond to Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("Plaintiff") Complaint ("Complaint"), as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiffs assert claims under the statutory provisions cited; Defendants deny the allegations as to alter ego and successorship, and deny breach as alleged. Defendants admit jurisdiction and venue. Otherwise, denied.

## PARTIES

2. Answering paragraph 2 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny the same.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny the same.

4. Answering paragraph 4 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are informed or believe and, therefore, deny the same. Defendants admit that Defendant Eduardo Enrique Solis is an individual residing in the City of San Fernando, Los Angeles County, California and that it has done business under the name of S and S Construction Co. as a janitorial and residential cleaner during all times relevant.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are "informed or believe" and, therefore, deny the same. Defendants admit that Solis and Sons Corp. is a California corporation with its principal place of business

/ / /

in San Fernando, Los Angeles County, California, and that it has acted as a janitorial and residential cleaner during all times relevant to the Complaint.

6. Answering paragraph 6 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs "are informed or believe" and, therefore, deny the same. Defendants admit that S and S registered as a corporation on or around July 18, 2024. Defendants deny the allegation "that Defendant S and S did so in order for Defendant Solis and Sons to serve as the successor organization to the work that he had previously been performing under the fictitious, but unincorporated, business name S and S Construction Co." Defendants further deny the allegation "that Defendant S and S continued operating as a construction clean-up contractor under this newly-registered corporate entity using the same preexisting license issued by the California Contractors State License Board that he had previously held in his individual capacity." In response to the allegation "that Defendant Solis and Sons assumed the contractual obligations of Defendant S and S after it was incorporated, including those under the applicable collective bargaining agreements, including by continuing to provide reports of hours worked to the Trust Funds under color of the newly incorporated entity," Defendants state that said allegation seeks a legal conclusion for which no response is necessary. To the extent a response is necessary, the allegations denied. Defendants deny the allegation "that Defendant Solis and Sons has held itself out to be to CLTF—and is—a continuation of the same S and S business enterprise. Defendants S and S and Solis and Sons are referenced hereafter as the "Employer Defendants" and, collectively, as the 'Employer.'" Unless otherwise admitted, the allegations are denied.

7. Answering paragraph 7 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are "informed or believe" and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 7.

/ / /

8. Answering paragraph 8 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are "informed or believe" and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 8.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are "informed or believe" and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 9.

10. Answering paragraph 10 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations as to what Plaintiffs are "informed or believe" and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 10.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny the same.

### OTHERS

12. Answering paragraph 12 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny the same.

### AGREEMENTS; LICENSE BOND

13. Answering paragraph 13 of Plaintiff's Complaint, Defendants incorporate their responses to paragraphs 1 through 12 as if fully set forth herein. Defendants admit that the agreements referenced speak for themselves. To the extent the allegations differ from the express terms of these agreements, they are denied.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied. Defendants further assert that paragraph 14 seeks a legal conclusion for which no response is required.

15. Answering paragraph 15 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

17. Answering paragraph 17 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny the same.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

22. Answering paragraph 22 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendants assert that the agreements referenced speak for themselves. To the extent that the allegations differ from the express terms of these agreements, they are denied.

///

24. Answering paragraph 24 of Plaintiff's Complaint, Defendants admit the allegations in paragraph 24 to the extent that they allege that Defendant S and S Construction obtained a License Bond. Otherwise, denied.

## FIRST CLAIM FOR RELIEF

**Against the Employer for Monetary Damages Due to Employee Benefit Plans**

[29 U.S.C. §§ 185, 1132(g)(2) and 1145]

25. Answering paragraph 25 of Plaintiff's Complaint, Defendants restate and reallege their answers and defenses to paragraphs 1-24 as if fully stated herein.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendants admit that Eduardo Solis employed certain workers covered under the applicable collective bargaining agreements, but deny the allegations as to failure to pay required amounts allegedly due for benefit plan contributions, the alleged failure to comply with audits, or provide monthly reports. Otherwise, denied.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations as to failure to pay monthly contributions when due. Defendants lack sufficient information or knowledge to admit or deny and, therefore, deny the remaining allegations in paragraph 29.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations.

31. Answering paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations.

/ / /

# SECOND CLAIM FOR RELIEF

## (Against the License Bond Surety for Monetary Damages Through Enforcement of License Bond)

33. Answering paragraph 33 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

40. Answering paragraph 40 of Plaintiff's Complaint, Defendants state that the claims asserted are not addressed to these answering Defendants and that they need not respond to the same.

# THIRD CLAIM FOR RELIEF
### Against the Employer for Specific Performance of Obligation to Produce Records for Audit
[29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)]

41. Answering paragraph 41 of Plaintiff's Complaint, Defendants restate and reallege their answers and defenses to paragraphs 1-40 as if fully stated herein.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendants admit that Plaintiffs requested books and records for purposes of an audit. Otherwise, denied.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations.

44. Answering paragraph 44 of Plaintiff's Complaint, Defendants admit that Plaintiffs assert the right to the relief requested under ERISA. Defendants deny Plaintiff's entitlement to the relief.

45. Answering paragraph 45 of Plaintiff's Complaint, Defendants state that the agreements referenced speak for themselves. To the extent that the allegations do not accurately recite the provisions of those agreements, they are denied. Defendants further assert that the allegations in paragraph 45 recite statements of law to which no response is required.

# FOURTH CLAIM FOR RELIEF
### Against the Employer for Injunctive Relief Compelling Submission of Fringe Benefit Contributions to Employee Benefit Plans
[29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)]

46. Answering paragraph 46 of Plaintiff's Complaint, Defendants restate and reallege their answers and defenses to the allegations in paragraph 46 as if fully stated herein.

47. Answering paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations in paragraph 47.

/ / /

48. Answering paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations in the first sentence. As to the remaining allegations, Defendants lack sufficient information or knowledge to admit or deny and, therefore, deny the allegations.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendants state that the allegations in the first sentence recite statements of law to which no response is required. As to the second sentence, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 49 as to entitlement to the relief requested by Plaintiffs.

50. Answering paragraph 50 of Plaintiff's Complaint, Defendants state that the agreements referenced speak for themselves. To the extent that the allegations do not accurately recite the provisions of those agreements, they are denied. Defendants further assert that the allegations in paragraph 50 recite statements of law to which no response is required.

ON CLTF'S FIRST CLAIM FOR RELIEF

[Against the Employer for Monetary Damages Due to Employee Benefit Plans]

A. Answering paragraph A of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

B. Answering paragraph B of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

C. Answering paragraph C of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

D. Answering paragraph D of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

E. Answering paragraph E of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

F. Answering paragraph F of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

G. Answering paragraph G of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

H. Answering paragraph H of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

I. Answering paragraph I of Plaintiff's First Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

ON CLTF'S SECOND CLAIM FOR RELIEF

[Against the License Bond Surety for Monetary Damages

Through Enforcement of the License Bond]

A. Answering paragraph A of Plaintiff's Second Claim for Relief, Defendants state that the allegations are against the License Bond Surety and not against these Defendants. Therefore, these Defendants need not respond.

B. Answering paragraph B of Plaintiff's Second Claim for Relief, Defendants state that the allegations are against the License Bond Surety and not against these Defendants. Therefore, these Defendants need not respond.

C. Answering paragraph C of Plaintiff's Second Claim for Relief, Defendants state that the allegations are against the License Bond Surety and not against these Defendants. Therefore, these Defendants need not respond.

D. Answering paragraph D of Plaintiff's Second Claim for Relief, Defendants state that the allegations are against the License Bond Surety and not against these Defendants. Therefore, these Defendants need not respond.

ON CLTF'S THIRD CLAIM FOR RELIEF

[Against the Employer for Specific

Performance of Obligation to Produce Records for Audit]

A. Answering paragraph A of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

A.1. Answering paragraph A.1. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.2. Answering paragraph A.2. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.3. Answering paragraph A.3. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.4. Answering paragraph A.4. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.5. Answering paragraph A.5. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.6. Answering paragraph A.6. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.7. Answering paragraph A.7. of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

  B. Answering paragraph B of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

  C. Answering paragraph C of Plaintiff's Third Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

<u>ON CLTF'S FOURTH CLAIM FOR RELIEF</u>

<u>[Against the Employer for Injunctive Relief Compelling Submission of Fringe Benefit Contributions to Employee Benefit Plans]</u>

  A. Answering paragraph A of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.1. Answering paragraph A.1. of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

   A.2. Answering paragraph A.2. of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

    A.2(a). Answering paragraph A.2(a) of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

///

A.2(b).   Answering paragraph A.2(b) of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

A.2(c).   Answering paragraph A.2(c) of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

B.   Answering paragraph B of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested

C.   Answering paragraph C of Plaintiff's Fourth Claim for Relief, Defendants deny Plaintiff's entitlement to the relief requested.

## DEFENSES

Defendants assert the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action, as well as to the entire Complaint. Defendants do not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendants reserve the right to assert such other and further defenses of which it may become aware through discovery or otherwise. Additionally, Defendants assert the following defenses and pray for judgment as set forth below:

## FIRST DEFENSE

To the extent that Plaintiffs do not fully and accurately state the terms of the Trust Agreement or the CBAs at issue, the allegations in regard thereto are denied.

## SECOND DEFENSE

Plaintiffs' demand for attorneys' fees should be denied because Defendants' defenses, and actions in regard to Plaintiffs' claims, are and were, reasonable and made in good faith.

## THIRD DEFENSE

Defendants reserve the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

/ / /

/ / /

/ / /

## FOURTH DEFENSE

Defendants have paid, as of this date, all required amounts assessed for benefit fund contributions to Plaintiffs and provided all remittance reports for the period at issue.

## FIFTH DEFENSE

The CBA between Defendant and Local Union 300 at issue defines the duties of Defendant to contribute to the Fund and, therefore, Plaintiffs are not entitled to recovery of amounts that exceed the scope of Defendant's obligations set forth in such contract documents. *See Northwestern Ohio Plumber & Pipefitters Local 50 Employee Benefit Plans v. Helm & Associates, Inc.*, 2007 WL 2571964 (N.D. Ohio Aug. 31, 2007); *Bensi v. El Camino Hosp.,* 2012 WL 607979 (N.D. Cal. Feb. 24, 2012); *Wojciechowski v. Boening Bros., Inc.*, 2012 WL 912968 (E.D. N.Y. March 16, 2012); *New York State Nurses Association Benefits Fund through Buchanan v. Nyack Hospital,* 2019 WL 4735355 (S.D. N.Y. September 27, 2019).

## SIXTH DEFENSE

Even if Plaintiffs were entitled to relief from Defendants, which is denied, Plaintiffs are not entitled to liquidated damages at all, or in the amount sought, as awarding such would amount to an unrecoverable penalty due to the fact that (1) damages are not difficult or impossible to determine; and (2) such damages assessed at either 20% or 25% is not a reasonable forecast of just compensation of any harm caused.

## SEVENTH DEFENSE

To the extent that Plaintiffs' claims rely upon obligations of Defendants allegedly arising from a CBA signed by Eduardo Solis, purportedly acting on behalf of Defendant, such claims are defeated in whole or in part by the doctrine of unclean hands because of material misrepresentations or omissions as towards Mr. Solis made by the Plaintiffs or their agent(s) so as to induce reliance by Defendant and thereby incurring the alleged obligation to contribute to Plaintiffs.

## EIGHTH DEFENSE

In the alternative, should the Court determine that the CBAs were valid and in effect at relevant times, to the extent applicable, neither the CBAs, nor the Plaintiffs' Trust Agreements, purport to require any participating employer to make contributions to the Plaintiffs for work performed by individuals who are not the common-law employees of the participating employer, who are temporary employees, independent contractors, or sole proprietors, or who were not performing covered work. Accordingly, the Plaintiffs lack legal grounds supporting the right to collect allegedly delinquent contributions or conduct an audit regarding any such individuals who may have performed work during the period in question for Defendants.

## NINTH DEFENSE

To the extent it is determined that delinquent contributions are owed, the rates used by Plaintiffs to calculate delinquent benefits exceed the rates provided for in the applicable CBAs and/or Trust Agreements.

## TENTH DEFENSE

Defendants reserve the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

## REQUESTED RELIEF

Wherefore, having fully answered Plaintiffs' complaint, Defendants pray as follows:

1. That Plaintiffs' complaint be dismissed with prejudice and Defendants be awarded its taxable costs;

2. Defendants be awarded its reasonable attorneys' fees under ERISA, 29 U.S.C. § 1132(g), and by reason of satisfaction of the enumerated factors for an award set forth in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir. 1980); and

/ / /

/ / /

3. Grant such other relief as is appropriate under the circumstances of this case.

DATED: May 15, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Matthew B. Wesley*
Natalie Hernandez Catahan
Vanoohi Torossian
Russell S. Buhite
Matthew B. Wesley

Attorneys for Defendants
Eduardo Enrique Solis dba
S and S Construction Co., and
Solis and Sons Corp.